# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10620
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Shed,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-316-1

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kevin Shed, federal prisoner # 15155-045, contests the denial of his sentence-reduction motion under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). (To the extent he may seek compassionate release, any such claim fails on numerous bases.)

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10620

The parties did not dispute, and the district court accepted, that Shed was eligible for a reduction; but the court exercised its discretion to deny the motion. *See, e.g.*, *United States v. Batiste*, 980 F.3d 466, 471 (5th Cir. 2020) ("[T]he decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion".). Review of the court's denial of a sentence reduction under the First Step Act is for abuse of discretion. *E.g.*, *id.* at 469.

In the light of the record and the district court's reasoning, including its consideration of Shed's offense as well as his accomplishments and good record while in custody, his contentions on appeal do not demonstrate an abuse of discretion. *See, e.g.*, *Concepcion v. United States*, 597 U.S. 481, 501–02 (2022) (explaining district court is not required to reduce sentence but must demonstrate it considered contentions); *Batiste*, 980 F.3d at 478 (concluding no abused discretion when court "evaluated all pertinent factors [and] simply exercised its statutory discretion to deny the motion").

AFFIRMED.